**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Plaintiff,<br>v.<br><br>JETSUITEX, INC. d/b/a JETSUITE AIR,<br><br>Defendant. | Adv. Proc. No. 19-__________ (BLS) |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT**
**<u>TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548 & 550</u>**

Plaintiff Michael Goldberg (the "<u>Plaintiff</u>"), in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust, pursuant to the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* dated August 22, 2018 (the "<u>Plan</u>") of the debtors in the above-captioned cases (the "<u>Debtors</u>"), for his *Complaint for Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548 & 550* (the "<u>Complaint</u>") against JetsuiteX, Inc. d/b/a Jetsuite Air (the "<u>Defendant</u>"), alleges as follows:

**<u>Nature of the Action</u>**

1. The Plaintiff brings this action against the Defendant to avoid and recover certain fraudulent transfers that occurred prior to commencement of the Debtors' bankruptcy cases.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

**The Parties**

2. Plaintiff Michael Goldberg is the duly appointed trustee of the Woodbridge Liquidation Trust (the "Trust"), successor in interest to the Debtors. Pursuant to the Paragraph 5.4 of the Plan, the Confirmation Findings (defined below) at paragraphs 13-15, and Article IV of the Liquidating Trust Agreement, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors through the Plan and to seek any and all related relief.

3. Upon information and belief, the Defendant is a corporation formed under the laws of the State of Delaware.

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

5. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

8. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and sections 544, 548 and 550 of the Bankruptcy Code.

**Case Background**

9. Commencing with the first filings on December 4, 2017, and continuing with other filings through March 27, 2018, Debtors Woodbridge Group of Companies, LLC, et al each commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code

(the "Chapter 11 Cases"). The Chapter 11 Cases are jointly administered under Case No. 17-12560 (KJC).

10. The Plan was confirmed on October 26, 2018, and became effective on February 19, 2019.

**Facts**

11. Prior to the commencement of the Chapter 11 Cases, the Debtors operated a fraudulent investment "Ponzi Scheme." In its *Findings of Fact, Conclusions of Law and Order Confirming the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors,* entered on October 26, 2018 (the "Confirmation Findings"), at paragraph NN, the Bankruptcy Court found as follows:

> NN. **Conduct of a Ponzi Scheme.** The evidence demonstrates, and the Bankruptcy Court hereby finds, that (i) beginning no later than July 2012 through December 1, 2017, Robert H. Shapiro used his web of more than 275 limited liability companies, including the Debtors, to conduct a massive Ponzi scheme raising more than $1.22 billion from over 8,400 unsuspecting investors nationwide; (ii) the Ponzi scheme involved the payment of purported returns to existing investors from funds contributed by new investors; and (iii) the Ponzi scheme was discovered no later than December 2017.

12. During the four years prior to the Petition Date, the years in which the Debtors made all of the payments described below, Defendant was in the business of providing private air travel, for which various charges were incurred for goods and services for the personal benefit of the Debtors' former principal, Robert H. Shapiro, and/or his wife and family and paid by the Debtors.

13. From the two years prior to the Petition Date, the Debtors made payments to Defendant in an amount not less than $211,250.00 (the "Two Year Transfers"); from the four years prior to the Petition Date, the Debtors made payments to Defendant in an amount not less than $372,500.00 (the "Four Year Transfers") (or collectively, the "Total Transfers"). The Two Year Transfers are particularly identified on the attached Exhibit A, which is incorporated herein by reference. The Four Year Transfers are particularly identified on the attached

Exhibit B, which is incorporated herein by reference. The Debtors did not receive any value in exchange for any of the Total Transfers, which were apparently made for the personal benefit of the Debtors' prepetition chief executive officer and/or his wife and family.

14. The Plaintiff is informed and believes that at least one creditor holding an unsecured claim that is allowable under Section 502 of the Bankruptcy Code or that is not allowable under Section 502(e) of the Bankruptcy Code exists who can avoid the Total Transfers and/or obligations referred to in this Complaint. The Plaintiff may assert the rights of such creditors pursuant to Section 544(b) of the Bankruptcy Code.

## FIRST CLAIM FOR RELIEF

### (To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§ 544(b) and 548(a)(1)(A), and Cal. Civ. Code § 3439, *et seq.*)

15. Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

16. As the Debtors operated a Ponzi Scheme, applicable law provides that the Total Transfers were made by the Debtors to Defendant with an actual intent to hinder, delay, or defraud creditors of the Debtors. This intent is further supported by the circumstances surrounding the Total Transfers as described above.

17. Of the Fraudulent Transfers identified in Exhibit A, those made within two years prior to the Petition Date are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A) and Cal. Civ. Code § 3439, *et seq.*, and the Transfers made within four years prior to the Petition Date are avoidable under 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439, *et seq*. Plaintiff is entitled to an order and judgment that each of the Fraudulent Transfers is avoided.

## SECOND CLAIM FOR RELIEF

**(To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and Cal. Civ. Code § 3439, *et seq.*)**

18. Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though fully set forth herein.

19. Plaintiff is informed and believes, and thereon asserts that at all relevant times, the Debtors: (a) were insolvent, or became insolvent as a result of each Transfer; (b) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due

20. Plaintiff is informed and believes, and thereon asserts, that Defendant did not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value for obligations incurred or for any of the Transfers in that all or a substantial portion of the sums paid by the Defendant to purchase goods or finance transactions were not delivered to the Debtors. As a result, the Debtors incurred an obligation and paid more under the terms of the incurred obligations than it received in value from Defendant.

21. At all relevant times, the Two Year Transfers were avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and Four Year Transfers are avoidable under 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439, *et seq*. Plaintiff is entitled to an order and judgment that each of the Fraudulent Transfers is avoided.

## THIRD CLAIM FOR RELIEF

**(Recovery of Property – 11 U.S.C. §§ 544(b) and 550, and Cal. Civ. Code § 3439 *et seq.*)**

22. Plaintiff realleges and incorporates by reference each and every allegation in the above paragraphs, as though set forth fully herein.

23. Defendant is the initial transferee of the Total Transfers, or the immediate or mediate transferee of such initial transferee.

24. Plaintiff is entitled to avoid the Total Transfers under Sections 544 and 548 of the Bankruptcy Code, and Cal. Civ. Code §§ 3439, *et seq*. As Defendant is the initial, immediate, or mediate transferee of Total Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of the respective Total Transfers pursuant to under 11 U.S.C. § 550 and/or Cal. Civ. Code §§ 3439, *et seq.*

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. For a determination that each of the Total Transfers is avoidable as a fraudulent transfer under Sections 544 and 548 of the Bankruptcy Code and Section 3439, *et seq.,* of the California Civil Code, and that Plaintiff is entitled to recover the Total Transfers in the total amount of $372,500.00 under Section 550 of the Bankruptcy Code and Section 3439, *et seq.,* of the California Civil Code;

2. For costs of suit incurred herein, including, without limitation, attorneys' fees;

3. For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

4. For such other and further relief as the Court may deem just and proper.

Dated: November 19, 2019

*<u>/s/ Colin R. Robinson</u>*
Andrew W. Caine (CA Bar No. 110345)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Fax: 302-652-4400
Email: acaine@pszjlaw.com
bsandler@pszjlaw.com
crobinson@pszjlaw.com

*Counsel to Plaintiff Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust*